FILED
United States Court of Appeals
Tenth Circuit

August 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY PAUL FRYE,

     Petitioner - Appellant,

v.

ANGEL MEDINA, Warden, FMCC;
CYNTHIA COFFMAN, Attorney General
of the State of Colorado,

     Respondents - Appellees.

No. 16-1101
(D.C. No. 1:15-CV-01944-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

    Gregory Paul Frye is serving a 28-year sentence in a Colorado prison for

second-degree kidnapping and second-degree assault with a deadly weapon. In this, his

second 28 U.S.C. § 2254 action, he seeks leave to proceed on appeal without prepayment

of costs and fees (*In Forma Pauperis*—IFP) and a certificate of appealability (COA)

permitting him to challenge the dismissal of his habeas petition. He claims the state trial

court wrongly imposed restitution after accepting his guilty plea. We construe his pro se

filings liberally, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), but deny a

COA, deny his request to waive prepayment of costs and fees, and dismiss the appeal.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Frye's guilty plea, dated August 20, 2008, contained a stipulated sentence of consecutive twelve- and sixteen-year terms, as well as an agreement to pay restitution for all counts of conviction. R. at 22. The prosecution had ninety days to file the restitution amount, and on November 18, 2008, it timely sought $3,276.86, which the trial court granted. The prosecution later amended the requested amount to $3,279.86, which the trial court eventually granted over the objection of Frye's stand-by attorney. The Colorado Court of Appeals rejected Frye's claim that the restitution request was untimely and affirmed the restitution order. R. at 48-49.

Meanwhile, Frye filed his first unsuccessful 28 U.S.C. § 2254 federal habeas petition claiming (among other things) his guilty plea was invalid because it was coerced by the trial court's erroneous evidentiary rulings. *See Frye v. Clements*, No. 12-cv-00722-RBJ (D. Colo. filed Mar. 22, 2012). The district judge rejected that claim on the merits and dismissed the entire petition because Frye's remaining claims were procedurally barred or not cognizable in a federal habeas proceeding. R. at 134-37, 154. We denied his request for a COA. R. at 256.

Frye then filed this § 2254 petition challenging the restitution order, which the district judge concluded was not cognizable—for purposes of federal habeas relief Frye was not "in custody" as a result of the restitution order. R. at 417-18. But Frye attempted to add a new wrinkle by asserting the government's restitution request was a breach of the plea agreement. That argument, the district judge concluded, only amounts to an unauthorized second or successive § 2254 claim. *See* 28 U.S.C. § 2244(b)(3)(A)

2

(requiring circuit court authorization for second or successive habeas claims).[1] In sum, the district court lacked jurisdiction to address either of Frye's arguments. The judge also denied Frye's request to proceed on appeal without prepayment of fees, certifying the appeal would not be taken in good faith. R. at 421. *See* 28 U.S.C. § 1915(a)(3). Undeterred, Frye filed a notice of appeal and applied to this court for a COA. He also renewed his request for IFP status.

A COA is a jurisdictional prerequisite to appeal the denial of a 28 U.S.C. § 2254 petition, requiring a habeas petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, an applicant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, to proceed on appeal without prepayment of costs and fees, Frye "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).

Frye cannot pass the threshold because his contrived and prolix filings advance no nonfrivolous arguments. The district court lacked jurisdiction to consider his restitution arguments because a restitution payment is not the sort of significant restraint on liberty

---

[1] Frye denies that his latest § 2254 petition is successive, but if it is he requests us to authorize it in the interests of justice. Tolerating frivolous filings does not promote justice.

contemplated by 28 U.S.C. § 2254(a); that section authorizes federal courts to exercise jurisdiction over a habeas application brought by "a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* (emphasis added); *see Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008). Likewise, the court lacked jurisdiction to consider Frye's argument that the restitution request breached the plea agreement—this second or successive § 2254 claim directly challenged his guilty plea without authorization from this court. Consequently, no reasonable jurist could debate the district court's dismissal for lack of jurisdiction.

We deny a COA, deny Frye's request to proceed without prepayment of filing fees, and dismiss the appeal. All filing and docketing fees, $505.00, are due and payable to the Clerk of the District Court.

Entered for the Court
Per Curiam

**O'BRIEN**, J., dissenting.

This is a civil matter (habeas) and this request for a COA is frivolous. For that reason the district judge denied Frye's request to proceed without prepayment of fees by certifying that an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). We agree with the district judge—the request to appeal is frivolous—yet we prematurely consider the merits of Frye's request. The cart is ahead of the horse.

4

So as not to foreclose appellate review of <u>arguably meritorious</u> appeals when an appellant lacks the present ability to pay filing and docketing fees, Congress has permitted appeals to be taken without prepayment of fees. 28 U.S.C. § 1915(a)(1). Significantly, frivolous appeals are excluded from the grant (presumably to prevent the promiscuously litigious from wasting courts' time and resources). *Id.* § 1915(a)(3). "Even in 1892, Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Coleman v. Tollefson*, ___ U.S.___, 135 S. Ct. 1759, 1762 (2015) (alteration and internal quotation marks omitted).

We should abide all of the statutory provisions rather than a select few. For that reason, I dissent from the denial of COA. This Court should take no action towards resolving the merits of the matter under consideration (request for a COA) until all fees are paid. Frye should be required to pay the filing and docketing fees within 20 days. If he fails to do so, his appeal should be dismissed for failure to prosecute. 10th Cir. R. 42.1.

5